J-S51007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAHMAN HENDERSON | |
| Appellant | No. 2055 EDA 2014 |

Appeal from the PCRA Order June 2, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001357-1996

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 09, 2015**

Appellant, Rahman Henderson, appeals from the order entered in the Delaware County Court of Common Pleas, dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On October 7, 1995, Appellant fatally shot the victim during a drug deal.  A jury convicted Appellant on February 5, 1997, of second-degree murder and related offenses.  On April 1, 1997, the court sentenced Appellant, *inter alia*, to life imprisonment without the possibility of parole. This Court affirmed the judgment of sentence on March 17, 1998, and our Supreme Court denied allowance of appeal on July 14, 2000.

Appellant litigated several unsuccessful PCRA petitions before filing the current petition *pro se* on July 23, 2012.  The PCRA court appointed counsel,

_____

*Retired Senior Judge assigned to the Superior Court.

who filed a **Turner**/**Finley**[1] "no-merit" letter and an application to withdraw as counsel on December 3, 2012.  Appellant filed a *pro se* response.  On January 9, 2014, the PCRA court issued Rule 907 notice and permitted counsel to withdraw.  The PCRA court subsequently dismissed Appellant's petition on June 2, 2014.  Appellant timely filed a *pro se* notice of appeal pursuant to the Prisoner Mailbox Rule.[2]

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009).  A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S.A § 9545(b)(1).  A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review.  42 Pa.C.S.A. § 9545(b)(3).  The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused.  42 Pa.C.S.A. § 9545(b)(1).  A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).  When asserting the newly created constitutional right exception

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] On July 9, 2014, the PCRA court ordered Appellant to file a Rule 1925(b) statement, but Appellant failed to comply.

under section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on October 12, 2000. Appellant filed his current petition on July 23, 2012, almost twelve (12) years later; thus, the petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke Section 9545(b)(1)(iii), contending his sentence is unconstitutional pursuant to *Miller v. Alabama*, ____ U.S. ____, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).[3] Nevertheless, our Supreme Court has ruled *Miller* does not apply retroactively to sentences which became final before the filing date of *Miller* (June 25, 2012). *See Commonwealth v. Cunningham*, 622 Pa. 543, 81 A.3d 1 (2013). Moreover, Appellant was eighteen (18) years-old when he shot and killed the victim. Thus, *Miller* does not apply to his case. *See Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa.Super. 2013) (explaining *Miller* did not apply to petitioners who were eighteen or older when they committed underlying crimes). Accordingly, the PCRA court

---

[3] In *Miller*, the United States Supreme Court held that a mandatory sentence of life imprisonment without the possibility of parole for those under the age of eighteen (18) at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments. *See Miller, supra* at ____, 132 S.Ct. at 2469, 183 L.Ed.2d at ____.

properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2015